IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF OHIO
WESTERN DIVISION AT CINCINNATI

**RECEIVED**
DEC 19 2022
RICHARD W. NAGEL, Clerk of Court
COLUMBUS, OHIO

Franklin Woods
15802 State Route 104 N.
Chillicothe, Ohio 45601

    Plaintiff,

Vs.

Aramark Correctional Services
5787 State Route 63
Lebanon Ohio, 45036

    Defendant,

And

Jane/John Doe "Aramark Supervisor"
5787 State Route 63
Lebanon Ohio, 45036

    Defendant,

Jane Doe known as "Ms.Woods"
5787 State Route 63
Lebanon Ohio, 45036

    Defendant,

And

Ohio Department of
Rehabilitation And
Correction,
4545 Fisher Rd.
Columbus Ohio, 45321

    Defendant,

And

Case No: _____

**CIVIL COMPLIANT**

2:22 CV 4420

<u>**JURY DEMAND ENDORSED**</u>

JUDGE MARBLEY

MAGISTRATE JUDGE DEAVERS

en

Wanza Mitchell –Jackson
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,

And

Isaac Bullock
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

John Doe known as "Sgt. Maggard",
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

John Doe known as "Unit Manager Williams"
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

John Doe known as "Unit Manager Macintosh".
5787 State Route 63
Lebanon Ohio, 45036

      Defendant

And

Jane Doe known as "Case Manager Kearns
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

Marc Bratton,
4545 Fisher Rd.,

Columbus Ohio, 45321.

  Defendant,
And

Karen Stanforth,
4545 Fisher Rd.,
Columbus Ohio, 45321.

  Defendant,
And

Captain David Agee
5787 State Route 63
Lebanon Ohio, 45036

  Defendant,
And

John Doe known as "Captain Back",
5787 State Route 63
Lebanon Ohio, 45036

  Defendant,
And

John Doe known as Lt. "Tatman",
5787 State Route 63
Lebanon Ohio, 45036

  Defendant,
And

John Doe known as" Lt. Saunders "Sandman""
5787 State Route 63
Lebanon Ohio, 45036

  Defendant,
And

John Doe known as "C.O Cook",
5787 State Route 63
Lebanon Ohio, 45036

  Defendant,
And

John Doe known as "C.O Wells
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

Jane Doe known as "C.O Ms. S",
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

Jane Doe known as "Ms. Morris"
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

Jane Doe known as" Health Care Administrator"
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

Jane Doe known as" Nurse Practitioner "Sky""
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

Jane Doe known as" Nurse Practitioner "Rachel"" -
5787 State Route 63
Lebanon Ohio, 45036

      Defendant,
And

John Doe known as "Nurse Practitioner" or "Physician"
5787 State Route 63
Lebanon Ohio, 45036

4

   Defendant,
And

Jane Doe known as "C.O Ms. Penunzio"
5787 State Route 63
Lebanon Ohio, 45036

   Defendant,

## JURISDICTION

¶ 1. This court has jurisdiction over civil rights violations U.S section 1983 cases.

## PLAINTIFF PARTIES

¶ 2. Franklin Woods, is a Plaintiff in this action whose address is P.O box 5500 Chillicothe Ohio, 45601, Plaintiff was an inmate housed at Warren Correctional Institution.

## DEFENDANT PARTIES

¶ 3. Aramark Correctional Services, is a defendant in this action who's address 5787 State Route 63 Lebanon Ohio, 45036 this defendant is being sued in its individual and official capacity.

¶ 4. Jane Doe known as "Ms. Woods", is a defendant in this action who's address 5787 State Route 63 Lebanon Ohio, 45036 this defendant is being sued in her individual and official capacity. This defendant was employed by Aramark Food Service coordinator.

¶ 5. Jane or John Doe, is a defendant in this action who's address 5787 State Route 63 Lebanon Ohio, 45036 this defendant is being sued in their individual and official capacity. This defendant was employed by Aramark Food Service as a supervisor over the food coordinator's and inmates overseeing the operation of Aramark within the institution at WCI.

¶ 6. Ohio Department of Rehabilitation and Corrections, is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in its official capacity.

¶ 7. Wanza Mitchell –Jackson, is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This defendant is being sued in her individual and official capacity. This defendant was employed as the Warden of Warren Correctional Institution.

¶ 8. Isaac Bullock, is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036. This defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as an institutional inspector at Warren Correctional Institution.

¶ 9. John Doe known as "Sgt. Maggard", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections, as a Correctional Officer Sergeant at Warren Correctional Institution.

¶ 10. John Doe known as "Unit Manager Williams", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Unit Manager at Warren Correctional Institution.

¶ 11. Jane Doe known as "Unit Manager Kearns", is a defendant in this action who's address, 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Case Manager at Warren Correctional Institution.

¶ 12. Marc Bratton, is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections. Acting on behalf of the Chief Inspector Office.

¶ 13. Karen Stanforth, is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections. Acting on behalf of the Chief Inspector Office as Assistant Chief Inspector for Medical.

¶ 14. David Agee, is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Captain at Warren Correctional Institution.

¶ 15. John Doe known as "Lt Tatman", is a defendant in this action who's address, 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Lieutenant at Warren Correctional Institution.

¶ 16. John Doe known as" Saunders Sandman"", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer Lieutenant at Warren Correctional Institution.

¶ 17. John Doe known as "C.O Cook", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 18. John Doe known as "C.O Wells", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 19. Jane Doe known as "C.O Ms. S", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 20. Jane Doe known as "Ms. Morris" is a defendant in this action who's address, 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 21. Jane Doe known as" Health-Care Administrator" is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and

¶ 22. Jane Doe known as nurse practitioner "Sky" worked on the 5th of December is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 23. Jane Doe known as nurse practitioner "Rachel" worked on the 5th of December is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 24. John Doe known as nurse practitioner and or Doctor worked on the 6th of December is a defendant in this action who's address 4545 Fisher Rd., Columbus Ohio, 45321, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections.

¶ 25. Jane Doe known as "C.O. Ms. Penunzio", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in her individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer at Warren Correctional Institution.

¶ 26. John Doe known as "Captain Back", is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer "Captain" at Warren Correctional Institution.

¶ 27. John Doe known as "Unit Manger Macintosh" is a defendant in this action who's address 5787 State Route 63, Lebanon Ohio, 45036, this defendant is being sued in his individual and official capacity. This defendant was employed by Ohio Department of Rehabilitation and Corrections as a Correctional Officer "Chief Unit Manager" at Warren Correctional Institution.

## STATEMENTS OF FACTS

¶ 28. On or about November 27, 2021, Plaintiff Franklin Woods, (hereinafter "Plaintiff") was housed at Warren Correctional Institution (hereinafter "W.C.I.") in dorm 1-A, when the dorm was released for institutional dinner.

8

¶ 29. Plaintiff arrived in the dining hall, retrieved a tray from the serving line by Defendant Aramark and its employees, ate the food off of the tray and returned to his unit where he was housed.

¶ 30. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Food Coordinator known as "Coordinator Woods" and ODRC Correctional Officer's knowingly served or allowed to be served contaminated food to Plaintiff and other inmates of which was removed from a contaminated trash can.

¶ 31. Plaintiff hours later around 9:30 pm at night after he was locked in his cell, started to suffer an upset stomach, with cramping pains, severe diarrhea and vomiting.

¶ 32. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Food Coordinator known as "Coordinator Woods" and ODRC Correctional Officer's, recklessly or with wanton disregard for the Plaintiff and other inmate's health and Safety stood by while the inmates ate the contaminated food.

¶ 33. Defendants Aramark Food Service personnel failure to practice good food handling procedures and sanitation to prevent outbreaks of food poisoning ODRC Policy 68-MED-04 (G) ref Food Poisoning. Institution safety and health coordinators shall monitor this issue within their institutions as outlined in ODRC Policy 10-SAF-08, Facility Sanitation and Inspection Practices.

¶ 34. Plaintiff followed the recommendation given to him at orientation[1] inmates are discouraged from kiting Medical unless absolutely required, to help enforce this policy ODRC, charges inmates a co-pay for just sending in the request to be seen.

¶ 35. Plaintiff attempted to wait out the illness believing he would just get better, to avoid going to medical and being charged a $3.00 co-pay and being told by the staff he was wasting their time as that behavior is frowned upon within the institution.

¶ 36. The following days Monday to on or about Wednesday, Plaintiff continued to experienced abnormal bowel movements, pain in his stomach and vomiting. He sent in a paper Medical request form to be seen by Medical. Where He wrote on it "My stomach is upset and I have been having pains for the past couple days". He turned in the written request. [2]

¶ 37. Plaintiff repeatedly informed his friends and family of the discomfort he was experiencing during the time frame. WCI's phone calls are recorded and call records can be obtained to show the discussions.

¶ 38. On Thursday December 02, 2021 the Plaintiff was informed by staff after a conversation was held where he indicated to the Correctional Officer that he was getting over being seriously ill of some sort of food poisoning or virus, after he shared his symptoms of what he experienced. The staff member inquired about the time frame and asked if he had eaten dinner

---

[1] Inmates are given orientation when they arrive at each institution, where they are provided rules and procedures to follow in case of an emergency or an issue.
[2] Inmates must turn in their Medical request forms in a box when they go eat.

on the night the discomfort started. Plaintiff conceded that he did and was informed that on that same night inmates Edward Smith, and Richard Burton, who were not known to him both worked at Aramark as inmate workers, and alerted a Lieutenant and another Correctional Officer that Defendant Jane Doe known as "Ms. Woods" Aramark food service coordinator, had retrieved beans from a contaminated trash can, and had them placed on trays to be served.

¶ 39. Plaintiff was informed inmates Smith, and Burton, were placed in Segregation in an attempt to silence them.

¶ 40. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Food Coordinator known as "Coordinator Woods" and ODRC Correctional Officer's, Medical Staff, acted recklessly or with wanton disregard for the Plaintiff and other inmate's health and safety attempted to cover up that Plaintiff and other inmates were served contaminated food retrieved from a trash can.

¶ 41. Also on December 02, 2021 Plaintiff filed an Informal Complaint Reference number WCI1221000220 explaining to the Deputy Warden, what occurred on November 27, 2021. The Defendant Isaac Bullock, who worked as the Institutional Inspector, replied "The following issue has been verified and addressed. Corrective actions have been taken. Defendant Bullock stated "You will need to complete a Health Service request form to address your medical needs". Instead of directing staff to send Plaintiff to Medical as he could have done knowing the inmates are at a level 3 "not free to move around" and would not be seen for at least a couple days, allowing continued suffering. See Exhibit (1).

¶ 42. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Food Coordinator known as "Coordinator Woods" and ODRC Correctional Officer's, Institutional Inspector Bullock and Medical Staff, acted recklessly or with wanton disregard for the Plaintiff and other inmate's health and Safety attempted avoid conversation relating to the contaminated food served.

¶ 43. Plaintiff by this time was suffering worse than he had days prior instead of getting better.

¶ 44. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Food Coordinator known as "Coordinator Woods" and ODRC Correctional Officer's, Institutional Inspector Bullock and Medical Staff, at no time openly attempted to notify the affected inmate population that they had eaten or been served contaminated food, even after medical received complaints of illness, from numerous inmates regarding an upset stomach, cramping pains, diarrhea and vomiting.

¶ 45. Defendant's Aramark, Aramark's supervisor Jane /John Doe, Aramark's Food Coordinator known as "Coordinator Woods" or any of ODRC staff never offered or attempted to offer at any time an apology to Plaintiff or the other affected population in regards to them being served contaminated food.

¶ 46. Plaintiff after sending in an Informal Complaint Resolution, known as an "ICR" did as he was instructed by the Inspector to contact Medical even though he had already sent in his first request to be seen. So Plaintiff filed another "Health Service" request form explaining his illnesses and pains, this time he specifically indicated that he believed he had been poisoned (sickened) by digesting contaminated food served to him by Aramark and requested to be seen.

¶ 47. Plaintiff repeatedly requested for the Defendant's Lt. and Aramark worker's names which Defendant Bullock and other Defendant's intentionally with-held attempting to restrict Plaintiff from learning their identities, even though Defendant Bullock was aware the Defendant's Lt. and other C.O.s allowed the contaminated food to be served after they were placed on notice of what occurred and reacted by placing inmates in segregation for objecting to the food being served.

¶ 48. Defendant's ODRC's medical Staff again refused to see Plaintiff attempting to aid in covering up that Plaintiff had been served contaminated food, to avoid diagnosing him, even though Medical had learned that his block location 1-A was fed food out of a contaminated trash can, and had received his previous Medical Health request form, where he indicated what he was experiencing, amounting to a form of bacterial infection, and his most recent Medical Health form.[3] Which placed Medical on direct notice of his knowledge of the cause of his illnesses.

¶ 49. Medical refused to see Plaintiff or the other inmates knowingly disregarding their health and safety, knowing what they were experiencing: stomach aches, vomiting and diarrhea, clear signs of food poisoning or a bacterial infection related to something digested, attempting to not diagnose the inmates with any illnesses related to the Defendant Aramark worker's feeding them out of a contaminated trash can. Thereby covering for the Defendant's allowing Petitioner and the other inmates to suffer.

¶ 50. Medical without permission of the Plaintiff or other inmates provided a list to the Correctional Officer's, Capt.'s and Lt's. of all inmates housed in 1-A who reported stomach aches, vomiting or continued diarrhea, in violation to Plaintiff's right to privacy.

¶ 51. On Sunday December 05, 2021 approximately 6:30am Defendant C.O. Cook was making his first range check of that morning, where he informed the Plaintiff that he the other inmates could-not come out of their cells until he and the other inmates are spoken to by the "White Shirt" referring to one of the Defendant's be it, a Major, a Captain, a Lieutenant or a Sergeant. All other inmates whose names were not provided by Medical to the Defendant C.O. Cook, were permitted out of their cells with regular movement. This can be seen by the cameras in 1-A.

¶ 52. The Defendant Jane Doe known as" Health-Care Administrator" of The Medial Department violated the Health Insurance Portability and Accountability Act ("HIPPA") ODRC Policy 07-ORD-11 when they informed the C.O.s and Staff of Plaintiff's and other inmates protected health information. Medical provided the list names of each inmate that

---

[3] The Medical box is emptied twice a day.

desired to be seen by them to the Defendant's Institutional Inspector Isaac Bullock, Captain Agee, Lieutenant Tatman, all without the inmate's consent.

¶ 53. Defendant Agee, retaliated against Plaintiff and the other inmates who reported upset stomach, cramping pains, severe diarrhea or vomiting related to the Aramark food served.

¶ 54. Defendant Agee, self-proclaimed that he personally sent in Defendant Lieutenant Tatman.

¶ 55. At approximately 6:45am Defendant Lieutenant Tatman entered Unit 1-A and began screaming, yelling that he has a bunch of inmates in here on some "bull-shit" who are acting like "bitches" and yelled, "I'm locking the entire Unit down, because we fired the bitch what else do you want us to do?" He continued to yell, "Your sick so what… sleep it the fuck off" He can be seen on the camera's in 1-A walking around ranting.

¶ 56. Defendant Tatman, went around to the cells in 1-A that requested to be seen by Medical, trying to intimidate the inmates from going to Medical or further reporting what they were experiencing, he was saying "shit rolls downhill." If my staff gets in trouble over that Aramark bitch I will make your life hell. If you go to medical your ass is locked the fuck down" "it's your choice!" This can be seen by the cameras and recalled by the other inmates. See attached Affidavit's.

¶ 57. Defendant Tatman, threats of lock down and making inmates lives hell resulted in some inmates being intimidated into not going to Medical for fear of retaliation even though they were sick. See attached Affidavit's.

¶ 58. Defendant Tatman, stated "I've seen what each of you mother-fuckers wrote to medical", which is confidential according to ODRC's Policy 07-ORD-11 Release of Medical Records.

¶ 59. Plaintiff and the other inmate's family and friends called up to the institution and demanded that the inmates be seen by medical or they would contact the State Troopers.

¶ 60. At approximately 9:30 am Plaintiff and (9) nine other inmates were escorted to medical by Defendant Jane Doe C.O. Ms. Penunzio, this can be seen by the dorm cameras in Unit 1-A and by the cameras located in Medical.

¶ 61. Plaintiff was taken to Medical with the group, where his blood pressure was tested as a mush fake screening. Plaintiff informed Defendant Jane Doe known as "Sky" a Nurse Practitioner and the other Jane Doe Nurse Practitioner "Rachel" both of the Medical Department, of his symptoms, reporting abnormal bowel movements, pain in his stomach and that he had vomited twice, receiving no response, besides the nurse saying well we seen you.

¶ 62. Defendant Jane Doe, known as "Sky", a Nurse Practitioner of the Medical Department with another Jane Doe Nurse Practitioner "Rachel" refused to provide medication or to recommend transport to an outside hospital to be checked by a doctor, regarding bacteria or

12

other infections the Plaintiff and other inmates may have been suffering due to eating the contaminated food.

¶ 63. Defendant Jane Doe, known as "Sky", a Nurse Practitioner of the Medical Department with another Jane Doe Nurse Practitioner "Rachel" are in clear violation of ODRC Policy 68-MED-04 section (G) (2) Which states Surveillance for suspected cases of food poisoning shall include: a.) Collection of stool sample and or food samples for examination by the local health department, in collaboration with the infection control manager; b.) The laboratory will coordinate submission of such samples with the Ohio Department of Health, in accordance with accepted guidelines.

¶ 64. Defendant's Jane Doe, known as "Sky", a Nurse Practitioner of the Medical Department and the other Nurse Practitioner's Jane Doe "Rachel", while in Medical were making jokes with the C.O.'s and laughing about the inmates being fed out of the trash cans by Aramark and being sick. "Saying this is what you signed up for coming to prison!" instead of providing care or assistance to the needs of the inmate's pain and discomfort.

¶ 65. Once Plaintiff and the other inmates were seen by Medical they were taken back to their unit, locked in their cells and were placed on "quarantine status" as a punishment for speaking up, the Defendant's disregarded the inmate's health and safety, denying them medical treatment.

¶ 66. Defendant Agee, attempted to blame COVID-19 for his reason for locking down the Plaintiff and other inmates which conflicted with Lieutenant Tatman's statements and actions as only people who went to medical related to upset stomachs, diarrhea, and Vomiting were retaliated against by placing them on lockdown claiming COVID-19.

¶ 67. Defendant's ODRC's with the named Defendant's in Paragraphs 3 through 27 (as if fully rewritten herein) have a policy or practiced procedure in place that if an inmate is suspected of having COVID-19, that inmate will be tested and if they test positive for COVID-19, then that inmate and their institutional housing unit will be locked down "quarantined" and any other inmates that came in contact "Contact Tracing" with that inmate will be quarantined.

¶ 68. Plaintiff with the other inmates were placed on lockdown treated like they had COVID-19, for staff to justify locking them down, even though no one was tested for COVID-19 by Medical nor had any COVID-19 related symptoms.

¶ 69. Plaintiff while locked down "quarantined" was restricted from generating new Informal Complaint Resolutions "ICR's" or Grievances, where the J-pay Kiosk was restricted to prevent him from filing ICR's or Grievances against ODRC, or Medical's staff. The Kiosk allowed inmates to send Kites (other non-formal forms of communication) to read or write correspondences from family/friends. Plaintiff could read or respond to ICR's or Grievances he had already started but could not generate new ones the J-pay had a system warning and said "you are currently restricted from creating this type of communication".

¶ 70. The inmates who also ate the contaminated food and were sick that refused to go to medical after the threats by Defendant Tatman, were not placed on quarantine status nor punished in any way continuing general operations "see attached Affidavit".

¶ 71. On Monday December 06, 2021 Plaintiff and the other inmates were escorted back to medical to be seen by Defendant John Doe, Doctor, after Plaintiff demanded to the C.O.'s to be seen by a doctor, saying that the staff knew the inmates had food poisoning and not COVID-19 where Defendant C.O. responded "Nobody says you all have COVID-19" and would not answer as to why they were locked down when no-one else was.

¶ 72. Plaintiff, while waiting to be seen by Defendant John Doe, Doctor in Medical Defendant Wanza Mitchell-Jackson, Warden, arrived and was speaking with the medical staff.

¶ 73. Plaintiff and the other inmates tried to speak with Defendant Mitchell-Jackson, but she was very frustrated, yelling about having to come in early because of "us" she refused to converse.

¶ 74. Defendant's named in Paragraphs 3 through 27 (as if fully rewritten herein) (as if fully rewritten herein) each failed to follow the policy's regarding food poisoning, at no time did the staff attempt to collect stool or take food sample for examination to the local health department in collaboration with the infection control manager or according to ALP.

¶ 75. Defendant's named in Paragraphs 3 through 27 (as if fully rewritten herein) (as if fully rewritten herein) each failed to provide notification in order to cease possible causative agents from being distributed to the remaining unit in disregard to Plaintiff's health and safety.

¶ 76. Defendant John Doe, Doctor refused to diagnosis Plaintiff or the other inmates even with their clear symptoms, knowing they were fed out of a contaminated trash can and kept them on "Quarantine Status" until Thursday December 09, 2021.

¶ 77. Defendant's would later deny quarantining Plaintiff and the other inmates related to COVID-19. Shown by a kite sent by Lance King inmate no: a717661 ref # WCI1221001222 who was subjected to the same behavior for reporting illness related to the contaminated food served by Aramark, the medical department replied back to this kite which stated" in review of your medical file, I do not see a diagnosis for covid-19. you were assessed for influenza like illness related to reported symptoms due to the time frame from the chow hall incident" Signed (Meredyth McLaughlin).

¶ 78. On or around December 09, 2021- January 10, 2022 Defendant "Luneke", Deputy Warden, held a "town hall meeting" during that meeting he stated that inmates weren't transferring institutions for at least 8 weeks, doors were to remain closed, and he wasn't answering any questions regarding "Aramark". The attendees of that meeting were Defendant's "Back", Captain; "Williams", Unit Manager; "Macintosh", Chief Unit Manager; "Wells", C.O. and several other C. O's along with Defendant "Luneke", Deputy Warden.

¶ 79. On or around December 09, 2021- January 10, 2022 Defendant Jane Doe known as" Health-Care Administrator and or Employee for Medical" came into unit 1A and retrieved medical paper work held at the desk area of the unit which contained inmate's information during their quarantine status. Defendant Morris C.O. was working second shift when it occurred, it was approximately 4:30 pm- 9:00 pm.

¶ 80. Defendant's Lt. Tatman, Agee, Bullock and other's each intentionally lied in responses to the informal complaints filed by Plaintiff, attempting to cover up for Aramark and the Jane/John Doe Lt. and C.O.s that allowed the Plaintiff to eat the contaminated food served.

¶ 81. Defendant, Bullock and other's each intentionally refused to corporate in response to the informal complaints refusing to provide the names or information of the Aramark employee who fed him and the others contaminated food, attempting to block Plaintiff from pursuing a criminal investigation against her or the others responsible for allowing him to eat the contaminated food ref #WCI1221000220, 12-07-2021, 12-21-2021, and again on Ref#WCI1221002506,12-24-2021, Plaintiff requested the names of the Lt, and of the Aramark worker who is the Defendant in this action.

¶ 82. Defendant, Bullock continuously harassed Plaintiff on another occasion December 21-2021, ref#WCI1221002129 Defendant Bullock was at the end of the chow line and kept aggressively staring at the Plaintiff. When the plaintiff made it to the end of the line Defendant Bullock asked the Plaintiff if there was a problem? The Plaintiff showed the Defendant the un appetizing tray of food, over cooked parsley noodles and the uncooked main, and the inspector said kite the dietician and the Plaintiff said it wasn't the diet and the Defendant repeatedly said "goodbye" the Plaintiff is emotionally distressed and mentally unstable over not able to eat a balanced and safely cooked food.

¶ 83. Defendant, Bullock and other's each intentionally refused to corporate in response to the informal complaints refusing to provide the names or information of the ODRC employees, such as name of the Jane/John Doe Lt. or other C.O.s who instated of stopping the contaminated food from being served locked up the inmates who reported the Aramark worker actions.

¶ 84. Defendant's Jane/John Doe Lt. and C.O.s allowed the Plaintiff and other inmates to eat contaminated food knowing it had been reported to them that the food was retrieved from a trash can in disregard of the Plaintiff and other inmate's health and Safety in violation of ODRC Policy 68-MED-04 (G) Food Poisoning, 10-SAF-08 Sanitary Conditions.

¶ 85. On or around January 10, 2022 all of the inmates in 1-A were transferred to Chillicothe Correctional Institution on an emergency ride-out, even after being told prior there would be no ride outs, only 10 of the 100 inmates were classified to actually be transferred to Chillicothe Correctional Institute.

¶ 86. On January 12, 2022 the Defendant John Doe Williams Unit Manager, ordered Plaintiff to come down stairs to do his pack up to be transferred.

¶ 87. Plaintiff explained to Defendant Williams Unit Manager he needed to speak with the Inspector because he was awaiting his permission to have a legal box. As he had previously requested through the Institutional kite system Ref#WCI0122000939, Ref#WCI0122000952on 01-10-2022 Plaintiff listed all open and active cases, Plaintiff also kited the Deputy warden on 01-11-2022 ref# WCI0122000992.

¶ 88. Defendant Williams, Unit Manager became very aggressive calling Plaintiff a "dumb motherfucker" and stating "he isn't getting any legal box". This went on for about 10-15 minutes until Defendant Isaac Bullock, Institutional Inspector walked in.

¶ 89. Defendant Isaac Bullock, and Williams, started talking about the Plaintiff, referring to him as an "ass hole" and a "bitch" as if he wasn't present. Isaac Bullock stated he has had copies of his informal complaints for two weeks but because he is an asshole, he wasn't getting them until he is transferred to another institution and stated "I'm not giving him a fucking legal box, fuck him." "Tell his family to call about that."

¶ 90. Defendant Isaac Bullock, refused to look at Plaintiff's organized list of open cases or amount of legal material he possessed in accordance with ODRC Policy 59-LEG-01. Defendant Bullock stated "your bitch-ass should not have gone to medical".

¶ 91. Defendant Isaac Bullock, was approached directly in-front of Plaintiff by two inmates asking can they have permission to have a legal box, Defendant asked them "Are You one of the people who ate the contaminated food?" when they answer "no" he said "I approve you for a legal box then." Bullock did not even examine their material or determine if they had open cases, this equated to four inmates in all receiving legal space to transfer with them, at the end of this very abusive verbal scourging the Plaintiff went through for over an hour he went to check on the kite he sent to the warden and at 11:00am a reply was sent back that this issue has been resolved by the UM and IIS ref# WCI0122001022, 01-11-2022.

¶ 92. Defendant Isaac Bullock and the other staff members each retaliated against Plaintiff and the other inmates to punish them for filing informal Complaints, going to medical and requesting information regarding Aramark.

¶ 93. Defendant's retaliation consisted of locking the inmates down, not answering their questions, not allowing them to have recreation, when recreation was given it consisted of Plaintiff being allowed out of his cell for a 15 min window to get on the restricted Kiosk or to shower. Most of the time mail was with-held, or not picked up to prevent it from being sent out by the staff.

¶ 94. Defendant Isaac Bullock, was the only known staff person who had the authority to restrict Plaintiff's Kiosk from generating new informal complaint resolutions "ICR's" or grievances.

¶ 95. Plaintiff filed an informal complaint resolution in paper form after he realized he was restricted on the Kiosk against medical for refusing to see him timely and for intentionally

not diagnosing him in an attempt to cover-up him being fed contaminated food by Defendant's Aramark and ODRC. Which was never addressed.

¶ 96. Plaintiff requested information concerning the paper ICR's and was ignored by Defendant Isaac Bullock prior to transferring.

¶ 97. Defendant's named in Paragraphs 3 through 27 (as if fully rewritten herein) (as if fully rewritten herein) each acted together to prevent Plaintiff and the other inmates from exposing that they were fed contaminated food by Aramark which resulted in them being sicken.

¶ 98. Plaintiff relied on Defendant Aramark and its employees to provide safe and healthy meals, as this company is his only source of food or chance to receive a balanced meal while incarcerated.

¶ 99. Plaintiff since eating the contaminated food has experienced extreme emotional distress, loss of trust in Defendant's Aramark and its employees to provide safe and healthy meals, resulting in him being overly conscious, and has raised anxiety levels because of the food served by Defendant's Aramark, and its employees, and experiencing regularly a loss of appetite requiring himself to force eat to avoid becoming ill or malnourished.

¶ 100. Plaintiff since this experience has lost trust and faith in Defendant's Medical staff and ODRC to act in his best interest concerning his health and safety where his needs were ignored and disregarded.

¶ 101. Plaintiff since eating the contaminated food has experienced a heightened emotional level of stress, pertaining to Defendant's Aramark and ODRC's staff including Medical's staff consisting of all Defendant's named in this complaint in paragraphs 3 through 102 as if fully rewritten herein, based on their attempts to cover-up, avoid address, with-hold Medical treatment, with-hold information, and willingness to wrongfully punish Plaintiff and other inmates for being fed contaminated food and seeking help.

¶ 102. Plaintiff since this ordeal, has sought and been receiving counseling from Mental Health to cope with what he has experienced from the Defendant's listed in paragraphs 27 through 102 as if fully rewritten herein, as he is required to continue to eat food served by Aramark and its employee's contrary to his fears.

¶ 103. Plaintiff has exhausted all remedies unless prevented by the Defendant's as stated above.

¶ 104. Defendants in this action clearly violated Plaintiffs Eighth Amendment Constitutional Right to be free from cruel and unusual punishment, they also were in violation Of ODRC's Policy 68-MED-04 (G) Food Poisoning, 07-ORD-11 Release of Medical Records, 10-SAF-08 Sanitary Conditions.

## CLAIM ONE
(Deliberate Indifference)

¶ 105. The Defendant's in paragraphs 3 through 104 as if fully rewritten herein, have knowingly disregarded the risk of harm to Plaintiff's life and body through his health and safety, amounting to cruel and unusual punishment; acted recklessly to the substantial risk of harm or death by consciously and through their actions disregarded the harm that one's own actions could do to the interests or rights of the Plaintiff in violation of his Eight Amendment right. As he was incarcerated and cannot nor could not care for himself, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and have each failed to do so or failed to prevent the others to do so.

## CLAIM TWO
(Failed to Train)

¶ 106. The Supervisory Defendant's in paragraphs 3 through 104 as if fully rewritten herein have actively engaged in official duties, through the official's own individual actions, have violated the Constitution; the supervisors have abdicated their specific job responsibility, with the 'active performance of the supervisor's individual job function, directly resulting in the constitutional injury. To wit: Implicitly authorized, approved, or knowingly acquiesced" to the underlying constitutional violation, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate against the Plaintiff.

## CLAIM THREE
(Concurrent Negligence)

¶ 107. The Defendant's in paragraphs 3 through 104 as if fully rewritten herein were each negligent when two or more of them acted independently causing or whose actions contributed to the same damage as the others.

## CLAIM FOUR
(Culpable Negligence)

¶ 108. The Defendant's in paragraphs 3 through 104 as if fully rewritten herein acted at times negligently in their conduct, involved a disregard of the consequences likely to result to Plaintiff from their actions.

## CLAIM FIVE
(Emotional Distress)

¶ 109. The Defendant's in paragraphs 3 through 104 as if fully rewritten herein each either intended to cause emotional distress, or knew or should have known that their actions would result in serious emotional distress; Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and would be considered utterly intolerable in a civilized community; Defendant's actions proximately caused injury to Plaintiff resulting in mental anguish suffered was serious and of such a nature that no reasonable person could be expected to endure. To Wit: Each caused emotional distress to the Plaintiff by their actions or lack of.

## JURY DEMAND ENDORSED

¶ 110. Plaintiff respectfully demands a jury trial on all triable issues.

## RELIEF REQUESTED
(Permanent damages)

¶ 111. The Defendant's in paragraphs 3 through 104 as if fully rewritten herein, are the responsible parties that caused damages for past, present, and future harm that cannot be avoided or remedied. Resulting in Plaintiff Franklin Woods, being entitled to *Compensatory damages* where some or all Defendant's caused damages sufficient in an amount to indemnify the injured person for the loss suffered; *Punitive damages*, where some or all Defendant's, acted with recklessness, malice, or deceit specific to the result of Plaintiff, and *Nominal damages*, where some or all Defendant's, were negligent to the point that a trifling sum should be awarded to Plaintiff where a legal injury has been suffered if the court finds no substantial loss or injury is to be compensated.;

¶ 112. To be awarded a sum of no less than $ 9,000,000 (nine million dollars) for the above damages to be paid jointly and or separately by each named Defendant in this action.

¶ 113. Plaintiff request for the named Defendant's in this action to pay jointly and or separately for the cost of this action.

¶ 114. Plaintiff request for the named Defendant's in this action to pay jointly and or separately reasonable attorney fees, if Plaintiff hires/ employs an attorney to handle this actions.

¶ 115. Plaintiff Franklin Woods states the statements in this civil complaint are true to the best of his knowledge and belief under the penalty of perjury.

*Franklin Woods* (signature)
Franklin Woods

9-30-22
Date

## PROOF OF SERVICE

I certify that a true copy of this complaint has been sent by Regular U.S. mail to the below listed Defendant's:

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION
4545 Fisher Rd.
Columbus Ohio, 45321

Wanza Mitchell –Jackson
5787 State route 63
Lebanon Ohio, 45036

Isaac Bullock
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Sgt. Maggard",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Unit Manager Williams"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Unit Manager Kearns
5787 State route 63
Lebanon Ohio, 45036

Marc Bratton,
4545 Fisher Rd.,
Columbus Ohio, 45321.

Karen Stanforth
4545 Fisher Rd.,
Columbus Ohio, 45321.

David Agee
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
Lt. " Tatman ",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
" Saunders "Sandman""
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Cook",
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"C.O Wells
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. S",
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Ms. Morris"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Health Care Administrator"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
" Nurse Practitioner "Sky""
5787 State route 63
Lebanon Ohio, 45036

John Doe known as
"Physician"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"C.O Ms. Penunzio"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe known as
"Nurse Practioner Rachel"
5787 State route 63
Lebanon Ohio, 45036

John Doe "unit manager
Machintosh"
5787 State route 63
Lebanon Ohio, 45036

John doe 'captain Back"
5787 State route 63
Lebanon Ohio, 45036

Aramark Correctional Services
5787 State route 63
Lebanon Ohio, 45036

Aramark " Supervisor"
5787 State route 63
Lebanon Ohio, 45036

Jane Doe 'Ms Woods"
5787 State route 63
Lebanon Ohio, 45036

And electronically filed both on this 18th day of October 2022.

_Franklin Woods_ (signature)

Franklin Woods
Inmate No.730633
P.O. Box 5500
Chillicothe, Ohio 45601

**PLAINTIFF-PRO SE**